CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
July 28, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JONATHAN L. PILKINS,** ) | |
| Plaintiff, ) | Civil Action No. 7:24cv579 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| **NURSE KAYLA, Wexford,** ) | Robert S. Ballou |
| Defendant. ) | United States District Judge |

Jonathan L. Pilkins, a Virginia inmate proceeding *pro se*, has filed a civil rights action under 42 U.S.C. § 1983, alleging that the defendant violated his right to medical privacy under the Health Insurance Portability and Accountability Act (HIPPA).[1] Based on the initial screening of the file, as required by 28 U.S.C. § 1915A, I must dismiss his complaint for failure to state a claim upon which relief may be granted.

In his Complaint, Pilkins alleges that the defendant gave him Ibuprofen during pill call, and he asked why he wasn't getting Tylenol. She responded, loudly enough for the whole pod to hear, that his blood test had come back positive for hepatitis C. Admittedly, HIPPA criminalizes knowingly disclosing a person's "individually identifiable health information to another person" without authorization. 42 U.S.C. § 1320d-6(a)(3), (b). A person suing under § 1983 must allege the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws," not merely that someone has violated the law. 42 U.S.C. § 1983; *Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021). Because HIPPA does not create a private right of action for individuals to

---

[1] Pilkins has also filed a letter (ECF No. 9) that the court has construed as a request for a preliminary injunction. The letter alleges that he cannot relax at any SWVRJA facility without worrying that "[they're] gonna hurt me or set me up." He further states that they are "already coercing me and intaggonizing (sic) me so I'll go off so they can beat on me." Although these allegations sound serious, the court cannot address them because (1) Pilkins does not identify the specific persons who are committing these actions and (2) these allegations are unrelated to Pilkins' lawsuit. The court has no jurisdiction over these unknown people who are not a party to this suit. For those reasons, I will deny the requested relief.

file suit under HIPPA, any violation of HIPPA by defendant does not deprive Pilkins of a right. He has no private right of action against the defendant under HIPPA, either directly, or indirectly through § 1983. *Payne*, 998 F.3d at 660.

    For the reasons stated, I will dismiss Pilkins' Complaint for failure to state a claim upon which relief may be granted. An appropriate order will be entered this day.

                            Enter: July 26, 2025

                            /s/ Robert S. Ballou

                            Robert S. Ballou
                            United States District Judge